PEDRO A. JIMÉNEZ MERCED, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, CAGUAS PART, J. C. SANTIAGO MATOS, JUDGE, Respondent.

No. O-71-248.     Decided May 31, 1972.

*Luis Ángel López Olmedo* for petitioner.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On June 8, 1971, Pedro A. Jiménez Merced filed before the Caguas Part of the Superior Court an action for divorce against his wife Francisca Poupart, alleging the ground of separation for over three years.

The defendant was served with summons on the 10th of the same month and year. Proof of service of said summons was filed the following day in the Office of the Clerk of the Court and on the 23d of the same month default was entered against the defendant. On June 29 the Court rendered judgment decreeing the divorce between the parties, granting the patria potestas over the minor children to the defendant and fixing a biweekly alimony of $150. This judgment was notified to plaintiff's attorney, to the defendant personally, and to attorney Joseph L. Martínez, copy of said notice being entered in the record on July 8, 1971.

On July 19, 1971, the defendant, represented by attorney Joseph L. Martínez, filed a motion requesting the transfer of the case to the San Juan Part of the Superior Court. On the same date she also filed a motion to set aside the judgment.

It was alleged in this last motion that on June 15, 1971, defendant retained the services of attorney Joseph L. Martínez and that the latter had called plaintiff's attorney by telephone informing him that he had filed an action for divorce on the ground of cruel treatment before the San Juan Part of the Superior Court and that on June 2, 1971, the hearing of the case had been continued at the request of plaintiff's attorney in that case, Mr. Enrique Calderón, with the consent of the defendant; that on June 22 of the same year attorney Martínez sent by mail, to the Caguas Part of the Superior Court, a motion requesting the transfer of the case to the San Juan Part of said court; that despite the fact that plaintiff's attorney had knowledge that attorney Martínez represented the defendant, service of notice of the motion on entry of default and the motion requesting the setting for the hearing of the case was made upon her and not upon him. He alleged further that the cause of separation for over two years did not exist.

The plaintiff opposed said motion in writing. He alleged, among other things, that legal grounds which would authorize the court to set aside the judgment were not set forth in the motion, nor was said motion one for reconsideration.

Said motion, having been set and discussed, the court, on September 17, 1971, entered an order granting it and setting aside its judgment of June 29, 1971. Subsequently, but on the same date, the court entered an order *nunc pro tunc* directing that case No. 70-1340 should continue its course in the San Juan Part of the Superior Court and that what was set forth in its order setting aside the judgment should not affect the contentions nor the merits of said case No. 70-1340. The reconsideration of these orders was denied.

On the date on which the order setting aside the judgment was entered, the plaintiff had already contracted marriage with Carlota Mejías Rosario, marriage which was celebrated on August 14, 1971, after the former had obtained a certified copy of the divorce decree already final.

■ Rule 49.2 of the Rules of Civil Procedure[1] empowers the courts to relieve a party or his legal representative from a judgment, order, or proceeding under those conditions considered fair, and for the reasons enumerated in the proper Rule. Said Rule expressly establishes that its provisions shall not apply to judgments in divorce suits, unless the motion is based on reasons (3) or (4), to wit:

"(3) Fraud (whether heretofore denominated intrinsic and also that denominated extrinsic), misrepresentation, or other misconduct of an adverse party.

(4) The judgment is void."

In accordance with the showings in the record, none of the reasons set forth in the foregoing subsections of Rule 49.2 were adduced or established by the defendant.

■ The divorce decree is not void. The defendant was duly summoned and the court acquired jurisdiction over her person. Even though she had not appeared of record within the time fixed by law which she had therefor, she was notified of the setting of the hearing of the case. The judgment also was notified to the defendant and her attorney, as we already indicated. Fraud, whether intrinsic or extrinsic, was not alleged or proved either. Plaintiff's omission of informing the Caguas Part of the Superior Court that there was another divorce action between the same parties pending before another Part does not constitute fraud. The defendant was summoned and she entrusted her defense to an attorney. However, the latter did not appear on time in defendant's name to plead against the complaint. Plaintiff's motion concerning entry of default against defendant, as well as the motion for the setting of the hearing of the case, were notified to the defendant personally. Her attorney was not of record, because he had not made any appearance in the suit and hence all the notices were made to her personally.

---

[1] The motion under Rule 49.2 does not affect the finality of the judgment.

The allegation of attorney Joseph Martínez to the effect that he sent on time to the Caguas Part a motion for transfer was not substantiated with evidence. That motion was filed on July 19, 1971, together with the motion under Rule 49.2. It does not arise from the record before us that the defendant introduced evidence to support the allegations contained in her petition to be relieved from the effects of the judgment.[2]

Everything seems to indicate that the trial court based its order setting aside the judgment on the reasons enumerated in subsection (1) of Rule 49.2, that is, on mistake, inadvertence, surprise, or excusable neglect. Hence the censure of said court to the professional conduct of the attorneys for the parties. "As to the defendant", the court said, "for not acting with the diligence required not only to do what should have been done within the time fixed by law, but to avoid that it may be inferred that that party seeks to retard the proceedings of the civil case so that its results may not be used whether as a mitigating or as an exempting circumstance in the criminal action."[3]

■ Nevertheless, we have already seen that the court lacks power to relieve a party from the effects of a judgment rendered in a divorce suit for the reasons included in the aforesaid subsection (1) of Rule 49.2.

For the reasons stated, the order entered by the Caguas Part of the Superior Court on September 17, 1971 will be set aside.

Mr. Chief Justice Negrón Fernández and Mr. Justice Hernández Matos took no part in the decision of this case.

---

[2] See, *Roca* v. *Thomson*, 77 P.R.R. 396 (1954).

[3] It censured plaintiff's counsel for not informing the court of the other action pending between the same parties, nor about the transfer incident not decided. The record does not justify this last part of the censure.